In the Matter of the Claim of LEON BOURNE, Appellant. EDWARD
CORSI, as Industrial Commissioner, Respondent.

Third Department, May 13, 1953.

*Carl Rachlin* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Francis R. Curran*
and *Wendell P. Brown* of counsel), for respondent.

BERGAN, J. This case suggests the rising pressure of an aging population upon public unemployment insurance facilities; but the economic and social questions it raises are somewhat broader than the legal point which brings it here.

Claimant is now sixty-seven years old. For twenty-seven years he was employed by the Prudential Insurance Company as an industrial insurance agent. He was an " honor award winner " of the company. At the end of 1951, when he was sixty-five, he was involuntarily retired. He was then earning $5,000 a year. He did not want to stop work; he was in good health; but the policy of the company seems to have been to retire employees in this class at that age.

Prudential allowed him a net pension of $76 a month. When his employment stopped he also received social security benefits of $67 a month; his wife from the same source received $33 a month. The total family net income from these three sources was $176 a month, or about $46 a week.

Claimant then began an assiduous search for employment. He testified he saw 150 persons in the course of this search. He said: " I go to friends, associates; some of my old policy holders. I am willing to work because I am able to work although I am not so young. I don't want even the social security."

Since the claimant was receiving $46 a week, and since if he took employment his social security benefits would be suspended, he felt that he ought not to take employment at less than $50 a week. He was unable to obtain employment at this rate. He then reduced his demand to $45 a week and later agreed to accept employment at $40 a week.

Even at this rate he was unable to get employment. He tried the field of clerical work in which he had been engaged many years ago; he tried to obtain work as a salesman. He addressed a letter to the Division of Placement and Unemployment Insurance in which he said: " I am willing, ready and able to work. I am now devoting my time and effort to visiting business establishments and am willing to accept any position doing clerical work or any selling job as I am an experienced salesman."

On claimant's application to the Division of Placement and Unemployment Insurance for unemployment benefits, the ruling of the division was that he was unavailable for employment within the purpose of the statute. The referee on review affirmed this determination of unavailability.

The referee found that while the claimant had exhibited " his attachment to the labor market by a sustained effort to

find employment '' his salary requirement was '' not realistic '' because all he could reasonably expect to receive would be the '' usual rate paid to inexperienced workers ''. The referee concluded that the restriction placed by claimant on the amount of salary '' when taken together with his age and prior work history '' operated to limit '' his opportunities of becoming employed ''. This decision was affirmed by the Appeal Board. We think the decision is within the scope and intent of the statute.

It is a matter of growing importance to the community to continue to utilize the skills and experience of its older people; and as the life span expands the problem becomes progressively more pressing. The Unemployment Insurance Law is intended to protect and continue the working activity of all members of the community.

It is not merely for the protection of young workers but also of workers of advanced years who remain in the labor market. We take unusual care in this decision not to suggest or to imply that age alone necessarily results in nonavailability in the labor market. Availability is the statutory test; but it must be applied individually to the facts of each case as the administrator sees them.

Age, linked to a lack of physical or mental capacity to work, or age coupled with restrictions which cut down greatly the possibility of employment, may fairly result in a finding of nonavailability. But an able aged man is an available man if he has remaining abilities that can be sold on the market. When such a man is willing to meet the market his employment is covered by the statute.

In affirming the determination in this case we hold merely that on this record it was within the power of the board to find that the restrictions imposed by claimant himself kept him aloof from the market.

The decision should be affirmed, with costs.

FOSTER, P. J., BREWSTER, COON and IMRIE, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, with costs to respondent, Industrial Commissioner.